UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-62028-CIV-DIMITROULEAS

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  v.

RICHARD E. GATHRIGHT,
MICHAEL S. SHORE,
LAURA P. MESSENBAUGH, and
ROBERT W. BEARD,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR A FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT MICHAEL S. SHORE

This cause comes before the Court upon the Motion by Plaintiff Securities and Exchange Commission for a Final Judgment of Permanent Injunction and Other Relief against Defendant Michael S. Shore ("Shore" or "Defendant") ("Motion for Final Judgment"). [DE 81].

The Court finds that good cause exists for the Court to grant the Commission's Motion for Final Judgment.  The Commission having filed a Complaint and Defendant Shore having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; and Defendant Shore has agreed to the entry of this Final Judgment of Permanent

Injunction and Other Relief ("Final Judgment of Permanent Injunction"). Accordingly, the motion is **GRANTED**, and the Court hereby **ORDERS AND ADJUDGES** as follows:

## I.

## **PERMANENT INJUNCTION**

A.  **Section 17(a)(2) of the Securities Act**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

by, directly or indirectly, making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment of Permanent Injunction by personal service or otherwise:  (a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

B. <u>Section 13(b)(5) of the Exchange Act</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is permanently restrained and enjoined from, directly or indirectly, knowingly circumventing or failing to implement a system of internal accounting controls or falsifying books, records or accounts described in Section 13(b)(2) of the Exchange Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

C. <u>Rule 13b2-2 of the Exchange Act</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is permanently restrained and enjoined in connection with the preparation of an audit as an officer or director of an issuer from, directly or indirectly, making or causing to be made, any misrepresentation or omission to an accountant.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

D. <u>Rule 13b2-1 of the Exchange Act</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is permanently restrained and enjoined from, directly or indirectly, falsifying or

causing to be falsified any books, records or accounts subject to Section 13(b)(2) of the Exchange Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

E.  **AIDING AND ABETTING VIOLATIONS OF SECTION 13(a) AND RULES 12b-20, 13a-1, 13a-11, AND 13a-13 OF THE EXCHANGE ACT**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is permanently restrained and enjoined from, directly or indirectly, aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder by knowingly, or acting severely recklessly, providing substantial assistance to an issuer that fails to timely and accurately file the reports as the Commission has prescribed, and fails to include, in addition to the information expressly required to be stated in the reports, such further material information as was necessary to make the statements made therein, in light of the circumstances in which they were made, not misleading; and by filing or causing to be filed with the Commission materially false and misleading financial and informational statements.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise:

(a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

      F.     **AIDING AND ABETTING VIOLATIONS OF SECTION 13(b)(2)(A) OF <u>THE EXCHANGE ACT</u>**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is permanently restrained and enjoined from, directly or indirectly, that aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly, or acting severely recklessly, providing substantial assistance to an issuer that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions of the issuer.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

      G.     **AIDING AND ABETTING VIOLATIONS OF SECTION 13(b)(2)(B) OF <u>THE EXCHANGE ACT</u>**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is permanently restrained and enjoined from, directly or indirectly, that aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly, or acting severely recklessly, providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to reasonably assure that transactions were recorded and financial statements were prepared in conformity with Generally Accepted Accounting Principles.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

### H.   VIOLATIONS OF RULE 13a-14 OF THE EXCHANGE ACT

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore is hereby permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14] by, directly or indirectly, as an officer or director of an issuer, falsely certifying in annual and quarterly reports that based on his knowledge, the disclosure reports did not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Shore's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Shore or with anyone described in (a).

## II.
### DISGORGEMENT, PREJUDGMENT INTEREST THEREON & CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Shore shall pay disgorgement of $20,447 and prejudgment interest thereon of $3,292,

and a $70,000 civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act (15 U.S.C. § 78u(d)).

Defendant Shore shall satisfy this obligation to pay $20,447 of disgorgement, $3,292 of prejudgment interest thereon, and a partial payment of $25,000 towards his civil money penalty by paying $48,739 to the Securities and Exchange Commission that he has escrowed with his counsel, within 14 days after entry of this Final Judgment.  Thereafter, within: (a) 90 days after entry of this Final Judgment Shore shall pay $5,000 towards his civil penalty; (b) 180 days after entry of this Final Judgment Shore shall pay an additional $5,000 towards his civil penalty; and (c) 364 days after entry of this Final Judgment Shore shall pay an additional $35,000, plus all accrued post-judgment interest towards his civil penalty.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Shore's counsel shall contact the staff of the Commission for the amount due for the final payment.  If the Defendant fails to make payment as it becomes due and payable, any unpaid amount will become due and payable and the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law).  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

If Shore fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable

7

immediately at the discretion of the staff of the Commission without further application to the Court.

Defendant Shore may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Shore as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to Christopher E. Martin, Esq., the Commission's trial counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Moreover, regardless of whether any such Fair Fund distribution is made, any amount Defendant Shore pays as a civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  Defendant Shore shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays in this matter, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant Shore shall also not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays in this matter, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

To preserve the deterrent effect of the civil penalty, Defendant Shore shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

### OFFICER AND DIRECTOR BAR

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)] and the Court's inherent authority to fashion equitable relief, Defendant Shore is prohibited for three-years from the entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

### BANKRUPTCY NONDISCHARGEABILITY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Shore, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by either of them under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Shore of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### V.

### INCORPORATION OF THE CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Shore to a Final Judgment of Permanent Injunction and Other Relief is incorporated herein with the same force and effect as if fully set forth herein, and that he shall comply with all of the undertakings and agreements set forth therein.

## VI.
## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction over this matter and Defendant Shore in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## VII.
## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## VIII.
## REMOVAL FROM TRIAL CALENDAR

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that since Final Judgment has been entered against Defendant Shore, the Commission's case against him, and only as to him, is removed from the Court's trial calendar.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of July, 2017.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record